# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RITA H. JONES,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1154** (BOR Appeal No. 2048368)
(Claim No. 2003052220)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**TRUMBULL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rita H. Jones, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 25, 2013, in which the Board affirmed an April 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 25, 2012, decision, which denied a request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Jones, a flagger, was injured in the course of her employment on May 14, 2003, when she was struck by a motor vehicle. The claim was held compensable for multiple conditions including bulging lumbar disc, injury to the lumbosacral plexus nerve root, ataxia, contusion of the left shoulder, contusion of the knee, closed fracture of the tibia, and sprain/strain of the neck. On February 9, 2006, she was granted a 25% permanent partial disability award. She received a 10% permanent partial disability award for the bilateral eyes on June 28, 2007. Finally, Ms. Jones was granted a 0.25% permanent partial disability award for bilateral hearing loss on June 28, 2007. On June 28, 2012, Ms. Jones completed an application for a permanent total disability award. She asserted that she had received a total of 45.25% in prior permanent partial disability awards and had a neurological independent medical evaluation that had not yet been completed.

The claims administrator denied Ms. Jones's request for a permanent total disability award on September 25, 2012, because the claim was time barred and Ms. Jones did not have at least 50% in prior permanent partial disability awards as is required by West Virginia Code § 23-4-6(n)(1) (2005). The Office of Judges affirmed the claims administrator's decision in its April 15, 2013, Order. The Office of Judges found that Ms. Jones received an initial award of permanent partial disability benefits on February 9, 2006. The Order also closed the claim. Pursuant to West Virginia Code § 23-4-16(a)(2) (2005), any request to reopen, modify, adjust, or change the claim had to be made before February 9, 2011. Ms. Jones did not file the instant request for a permanent total disability award until June 26, 2012.

Ms. Jones argued before the Office of Judges that in a September 14, 2012, Memorandum Decision, this Court determined that she was entitled to an initial consultation pursuant to West Virginia Code of State Rules § 85-20-12.4 (2005). Because this Court remanded the claim for a psychiatric evaluation, Ms. Jones asserted that the claim should now be remanded to the claims administrator for evaluation of all compensable diagnoses and following such evaluations, she should be permitted to file rebuttal evidence. Ms. Jones cited *Harris v. West Virginia Office of Insurance Commissioner,* No. 101060 (W.Va. Supreme Court, Jan. 19, 2012), in support of her assertion. The Office of Judges found that *Harris* was distinguishable from the case at hand. In *Harris,* the claimant met the 50% threshold prior to filing his application. In the instant case, Ms. Jones indicated in her application that she has 45.25% in prior permanent partial disability awards. The Office of Judges determined that the record shows she has 35.25% in prior awards. Regardless, she has not met the statutory provisions of West Virginia Code § 23-4-6(n)(1), which requires the receipt of 50% or more in prior permanent partial disability awards. The Office of Judges noted that even if this Court's September 14, 2012, decision results in a compensable psychiatric condition or an additional permanent partial disability award, it would not change the fact that she has not met the required 50% threshold for the permanent total disability application at hand.

In an October 25, 2013, decision, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision. On appeal, Ms. Jones argues that she is entitled to consideration of her permanent total disability application as timely filed upon entry of a psychiatric permanent partial disability award because she timely requested the addition of depression to the claim and the delay was caused by the administrative processing

of the claim. Further, Ms. Jones argued that to hold her responsible for administrative delays substantially prejudices her rights. The West Virginia Office of the Insurance Commissioner asserts that the permanent total disability application was untimely filed as it was beyond the five year statute of limitations set forth in West Virginia Code § 23-4-16(a)(2). Additionally, it maintained that even if the application was timely filed, Ms. Jones has not met the required threshold of 50% in prior permanent partial disability awards. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Jones's application for permanent total disability benefits is time barred by West Virginia Code § 23-4-16(a)(2).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 17, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum